Homestead Building and Loan Association, a dissolved corporation v. Commissioner.
Homestead Bldg. & Loan Asso. v. Commissioner
Docket No. 70997.
United States Tax Court
T.C. Memo 1959-139; 1959 Tax Ct. Memo LEXIS 110; 18 T.C.M. (CCH) 614; T.C.M. (RIA) 59139; June 30, 1959
J. Stanton Carson, Esq., for the petitioner. Charles A. Boyce, Esq., for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The respondent determined a deficiency in petitioner's income tax for 1955 in the amount of $1,122.93. At the time when the case was called for trial, respondent moved to dismiss the same for lack of jurisdiction. After hearing, said motion was granted; and on May 28, 1959, an order was entered dismissing the case for lack of jurisdiction, and giving leave to the petitioner to file within 30 days a motion to vacate such dismissal. Pursuant to such order, the petitioner filed on June 17, 1959, a motion to vacate the order of dismissal, together with a memorandum of law in support thereof. Thereafter, on June 25, 1959, the said order of dismissal was *111 vacated for the purpose of permitting consideration to be given to the petitioner's motion. Findings of Fact A stipulation of facts filed at the hearing by the parties is incorporated herein by reference. The petitioner (herein called the "Corporation") was a domestic building and loan association which was incorporated in 1883 under the laws of the Commonwealth of Pennsylvania. Its principal place of business was located in Homestead, Allegheny County, Pennsylvania. Following a meeting of the Corporation's board of directors on November 9, 1954, at which a resolution was adopted proposing a plan of voluntary liquidation (which plan was subsequently approved by the shareholders on December 7, 1954), the Corporation filed with the Department of Banking of the Commonwealth of Pennsylvania, its Certificate of Election to Dissolve. W. J. Wilson, Jr., B. R. Ferris, and L. R. McGill were elected liquidating trustees. On or about September 1, 1955, said liquidating trustees completed the liquidation of the Corporation; and on or about September 8, 1955, they distributed all the remaining net assets to the shareholders, as the first and final payment in liquidation. On November 18, 1955, following *112 the filing of Articles of Dissolution with the Department of State of the Commonwealth of Pennsylvania, said Department issued a Certificate of Dissolution dissolving the Corporation. On February 29, 1956, a Federal corporate income tax return for the taxable year 1955 was filed on behalf of the Corporation with the district director of internal revenue at Pittsburgh, Pennsylvania. Said return was signed by the liquidating trustees; and it bore the words, "Final Return" and "Liquidated as of September 7, 1955." On September 13, 1957, the respondent mailed a notice of deficiency for the year 1955 to the Corporation, which he designated as "Homestead Building and Loan Association, 8th Avenue and Amity Street, Homestead, Pennsylvania." Thereafter, on December 6, 1957, a petition for redetermination of said deficiency was filed under the name of "Homestead Building and Loan Association, a dissolved corporation," by the aforesaid individuals who had acted in the capacity of liquidating trustees. Opinion At the hearing herein respondent moved to dismiss the case for lack of jurisdiction, stating as his grounds: That the named petitioner corporation had previously dissolved and ceased *113 to exist; and that the former liquidating trustees who filed the petition herein, had no authority to take such action. We agree with this position of respondent. It is well settled that this Court has no jurisdiction over a case instituted on behalf of a corporation which has been completely liquidated, and which has completely ceased to exist under controlling local law. ; ; ; ; ; . See also . And it also is well settled that this Court has no jurisdiction over a petition filed in the name of a corporation by a person who fails to demonstrate his authority to file the same. ; . See also Rules 6 and 7(c)(4)(B)(2) of this Court's Rules of Practice. In , *114 we said: "after the 30th day of June, 1920, the S. Hirsch Distilling Co., a corporation, ceased to exist. All of the rights which it as a corporation had theretofore had were completely extinguished. It no longer had any right to do anything. Having been thus wiped out, no legal entity remained to institute this proceeding. The attempt on the part of one of its former officers to institute a proceeding in its behalf has resulted in nothing since he could not by his own acts raise the dead. A petition filed for and on behalf of a wholly dissolved corporation does not give this Board [now the Tax Court] jurisdiction." In the instant case, the petitioner was dissolved on November 18, 1955, under the laws of the Commonwealth of Pennsylvania. The petition herein was filed more than two years after that date. Section 2852-1111, Title 15 of the Business Corporation Law of Pennsylvania, which pertains to the survival of dissolved business corporations generally, provides a two-year period after dissolution within which they shall have continued life for certain limited purposes; but section 2852-4(3) of said Title 15 expressly excludes from the operation of said law, any corporation *115 which is subject to the supervision of the Department of Banking. The present Corporation was organized as a building and loan association; and it was subject to the supervision of the Department of Banking. Section 733-201(a), Title 71, Department of Banking Code. See also . Section 1074-1113(B) of the Building and Loan Code contained in Title 15, specifically provides with respect to corporations organized as building and loan associations, that upon the issuance of a certificate of dissolution for such a corporation, the existence of the same shall cease. We have found no statute of the Commonwealth of Pennsylvania which makes any provision for the continued existence of such a corporation after its dissolution; and neither of the parties has brought any such statute to our attention. It is a settled principle that jurisdiction must be established affirmatively. . Accordingly, An order of dismissal will be entered.